United States District Court
Southern District of Texas
**ENTERED**
November 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMEY & SCHWALLER, LLP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-02036 |
| | § | |
| EMED TECHNOLOGIES CORP., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the Court is the plaintiff's/counter-defendant's, Ramey & Schwaller LLP ("Ramey"), combined motion to dismiss pursuant to Rule 12(b)(6) and motion to strike affirmative defenses pursuant to Rule 12(f). (DE 16). The defendants/counter-plaintiffs, EMED Technologies Corp. ("EMED") and Bio-Health Frontiers, Inc. ("BHF"), have filed a response opposing the motion (DE 18), and Ramey has filed a reply in support (DE 19). After having carefully considered the parties' submissions and the applicable authorities, the Court determines that Ramey's motions should be **DENIED**.

Additionally, the Court determines, *sua sponte*, that it lacks subject matter jurisdiction over the plaintiff's suit against defendant BHF, only, and that the suit against BHF should be **REMANDED**, pursuant to 28 U.S.C. § 1447(c), to the 61st Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2021-31087.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Ramey filed suit against the defendants in Texas state court, seeking to recover legal fees allegedly earned on a contingency basis for representing EMED in patent infringement litigation against Repro-Med Services, Inc. ("RMS"), and for related patent prosecution work. (DE 1). In the same filing, Ramey also sued BHF for unpaid legal fees and expenses incurred in unrelated matters. After removing the action to this Court, the defendants timely answered Ramey's suit on August 27, 2019, asserting numerous affirmative defenses. (DE 10). In addition, EMED counter-claimed against Ramey for legal malpractice arising out of Ramey's patent prosecution work and two lawsuits brought by Ramey on EMED's behalf against RMS.

Specifically, EMED's counter-claim against Ramey arises out of Ramey's patent prosecution work and related litigation services involving two EMED patents—U.S. Patent No.'s 9,808,576 (the "'576 Patent") and 8,961,476 (the "'476 Patent"). Ramey originally prosecuted the '576 Patent in 2017 before the United States Patent and Trademark Office (USPTO). In doing so, Ramey agreed to amend a part of the primary claim under the patent with the term "consisting of," instead of "including." On November 7, 2017, Ramey sued RMS on EMED's behalf in New York federal court for infringing the '576 Patent (the "New York Litigation"). At the claims construction hearing in that suit, the court determined that EMED's use of the "consisting of" patent language significantly limited the scope of the '576 Patent. On August 30, 2019, the court awarded summary judgment for RMS, and a magistrate judge later concluded that the New York Litigation was objectively baseless and warranted a sanction of approximately

$1 million against EMED. In the case at bar, EMED alleges that Ramey committed professional negligence by pursuing what it knew, or should have known, was a baseless infringement theory in the New York Litigation, as well as by giving EMED false assurances of success and needlessly incurring litigation fees and expenses.

In a separate 2015 suit against RMS in the Eastern District of Texas (the "East Texas Litigation"), Ramey argued that RMS infringed the '476 Patent held by EMED. There, also, the district court granted summary judgment for RMS, which again sought sanctions against EMED for vexatious litigation. RMS's sanctions motion was stayed pending appeal of the summary judgment. After the Federal Circuit affirmed summary judgment for RMS, EMED sought *en banc* review. While the en banc petition was pending, EMED and RMS settled "all pending litigation." EMED asserts, however, that its settlement amount was far lower than the amount Ramey represented EMED could expect to recover, and far lower than what a reasonably prudent patent attorney would have been able to obtain.

EMED now seeks actual and exemplary damages, costs, and attorney's fees from Ramey through its legal malpractice claim. In response, Ramey filed a motion to dismiss part of EMED's counterclaim under Rule 12(b)(6), as well as a motion to strike the defendant's affirmative defenses under Rule 12(f).

## III.    THE PARTIES' CONTENTIONS

Ramey argues that Texas's two-year limitations period for legal malpractice suits bars EMED's counterclaim, to the extent the claim relates to any patent prosecution, opinion, and other "non-litigation" work performed by Ramey prior to August 27, 2019.

Specifically, Ramey contends that Texas's tolling rule for limitations periods pertaining to legal malpractice claims does not apply to what Ramey calls "non-litigation work" performed by Ramey prior to the New York or East Texas Litigation. According to EMED, however, Ramey has failed to establish that the tolling rule does not apply to Ramey's non-litigation work.

Ramey also asserts that the defendants' affirmative defenses should be struck because the defendants merely recited the defenses in their Original Answer and Counterclaim (DE 10) and failed to meet the "fair notice" requirement under Rule 12(f). The defendants argue that Ramey fails to show that their affirmative defenses cannot, as a matter of law, succeed in any circumstance. The defendants also raise, but do not brief, the issue of whether the Court has subject matter jurisdiction over Ramey's claim against BHF.

## IV.    STANDARD OF REVIEW

### a.    Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true."  *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007).  Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), where a plaintiff does not allege fraud or mistake, "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the  . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964).  Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964– 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss, to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### b.    Federal Rule of Civil Procedure 12(f)

Rule 12(f) provides that ""[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013). "A defendant must plead [an affirmative defense] with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *LSREF2 Baron, LLC v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (internal citations and quotations omitted). "The 'fair notice' pleading requirement is met if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.'" *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).[1] Whether to

---

[1] Following the Supreme Court's *Twombly* and *Iqbal* decisions, the Fifth Circuit has continued to reference the "fair notice" pleading standard with respect to affirmative defenses. *See, e.g.*, *LSREF2*

grant a motion to strike is committed to the discretion of the trial court. *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

## V.    DISCUSSION AND ANALYSIS

### a.    RAMEY'S MOTION TO DISMISS

Ramey contends that EMED's legal malpractice counterclaim arising out of "non-litigation work"—which Ramey defines as any patent prosecution, opinion, and other transactional work—is barred by the statute of limitations, to the extent such work was performed before August 27, 2019. In Texas, a legal malpractice claim must be filed no later than two years after the claim accrues, which occurs when the client receives the faulty professional advice. *Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019). In general, Texas courts defer accrual of a legal malpractice claim until the client discovers, or should discover, the wrongful act or injury. *Id.* More specifically, under the tolling rule propounded in *Hughes v. Mahaney & Higgins*, "when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation," the limitations period for the malpractice claim against the attorney is tolled until all appeals on the underlying claim are exhausted, or the matter is otherwise finally concluded. 821 S.W.2d 154, 157 (Tex. 1991); *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 119, 123 (Tex. 2001).

In its Original Answer and Counterclaim, EMED "affirmatively pleads the *Hughes* tolling rule," asserting that the limitations period for its malpractice claim against Ramey should be tolled until May 2020, when EMED reached a global settlement with RMS.

---

*Baron, LLC v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014); *Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*, 546 F. App'x 458, 465 (5th Cir. 2013). Courts in this District generally agree that affirmative defenses are subject to a "fair notice" standard. *See, e.g.*, *Morgan v. Goodman Manuf. Co., L.P.*, No. 4:19-CV-00850, 2021 WL 1169390, at *10 (S.D. Tex. Mar. 10, 2021) (listing cases).

Ramey, however, argues that Ramey's non-litigation work relating to the New York and East Texas Litigation—which includes Ramey's prosecution of the '576 and '476 Patents before the USPTO—does not constitute "prosecution or defense of a claim" and, therefore, falls outside the scope of the *Hughes* tolling rule.

"[A] complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling." *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011). However, the Court is of the opinion that the extent to which the limitations period bars EMED's counterclaim, if any, "is an issue that must be resolved through discovery and summary judgment or trial." *Id.* EMED contends that Ramey breached its professional duty by, *inter alia*, giving erroneous legal opinions or advice, improperly preparing and managing EMED's patent litigation and intellectual property matters, and taking legal positions in patent litigation contrary to established legal precedents and patent prosecution file histories. (Dkt 10, at ¶ 53). These allegations require a fact-based determination of when, and for what duration, EMED received allegedly faulty professional advice from Ramey. The Court is of the view that limiting that factual inquiry at this stage, as requested by Ramey, would be improper. Accordingly, Ramey's motion to dismiss is denied.

### b.   RAMEY'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Ramey moves to strike all the affirmative defenses raised by the defendants in their Original Answer, contending that the defendants fail to provide "fair notice" of the defenses being advanced. The Court addresses each defense in turn.

### i. Estoppel, "Unclean Hands," and Unconscionability

The defendants plead that Ramey's claims are barred in whole or in part by the equitable doctrines of estoppel and unclean hands, as well as unconscionability. Under Texas law, the defense of equitable estoppel requires that the claimant: (1) falsely represented or concealed material facts; (2) with actual or constructive knowledge of those facts; (3) with the intention that the representation or concealment should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; and (5) who detrimentally relied on the representations. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy*, 962 S.W.2d 507, 515–16 (Tex. 1998). Relatedly, the "unclean hands" doctrine permits a court to deny equitable relief sought by a party who has engaged in "unlawful or inequitable conduct with regard to the issue in dispute." *Right to Life Advocates, Inc. v. Aaron Women's Clinic*, 737 S.W.2d 564, 571–72 (Tex. App.—Houston [14th Dist.] 1987, writ denied). The Court construes the defendants' "unconscionability" defense as another way of pleading unclean hands. *See Dunnagan v. Watson*, 204 S.W.3d 30, 41 (Tex. App.—Fort Worth 2006, pet. denied) ("Equitable relief is not warranted when the plaintiff has engaged in unconscionable, unjust, or inequitable conduct with regard to the issue in dispute.").

The Court finds that EMED's factual allegations of Ramey's professional misconduct in the course of representing EMED provides fair notice to Ramey of the foregoing defenses. Accordingly, the Court declines to strike them.

### ii.    Statute of Frauds

Ramey also moves to strike the defendants' pleading that Ramey's claims "are barred in whole or in part by the doctrine of statute of frauds." The defendants point out that the statute of frauds may be applicable because Texas law requires oral contingency fee agreements for legal services to be in writing. *See Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 733 (Tex. 2018). Ramey, in its state court petition, alludes to a purported contingency fee agreement between the parties. Ramey has, thus, not shown that a statute of frauds defense cannot succeed as a matter of law. Therefore, the Court declines to strike this defense.

### iii.    Payment and Offset

Ramey contends that the defense of "payment and offset" should be struck, as well.  Texas courts have recognized offset as an affirmative defense to suits on a sworn account, as well as to breach of contract claims. *Cass v. Stephens*, 156 S.W.3d 38, 70 (Tex. App.—El Paso 2004, pet.'s denied) (op. on remand); *ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 878 (Tex. 2010). The defendants allege that they have made some payments to Ramey. Thus, the extent of any payment or proper offsets is an issue more properly reserved for summary judgment.

### iv.    Mistake, Novation/Modification, and Repudiation

Ramey also moves to strike the defendants' pleadings that Ramey's claims are barred in whole or in party by the doctrines of mutual mistake, modification/novation, and discharge/repudiation. A mutual mistake occurs when the parties to an agreement have a common intention, but the written agreement does not accurately reflect that

intention due to a mutual mistake. *New York Party Shuttle, LLC v. Bilello*, 414 S.W.3d 206, 214 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). A unilateral mistake by one party, combined with knowledge of that mistake by the counter-party, is equivalent to a mutual mistake. *Id.* EMED alleges that Ramey agreed to litigate patent infringement claims that Ramey knew, or should have known, were baseless and did not inform EMED of this fact. The Court is of the opinion that these allegations do not, as a matter of law, preclude the mutual mistake defense.

The defendants also plead the defenses of novation or modification. Novation is the substitution of a new agreement between the same parties or the substitution of a new party on an existing agreement. *Bilello*, 414 S.W.3d at 214. Relatedly, the contract modification defense requires a showing that the parties created a new contract that included some new modified provisions. *Boudreaux Civic Ass'n v. Cox*, 882 S.W.2d 543, 547–48 (Tex. App.—Houston [1st Dist.] 1994, no writ). Here, EMED disputes the content of one or more agreements for legal services with Ramey. Accordingly, the Court finds that Ramey has fair notice of the novation and modification defenses and declines to strike them.

The Court also declines to strike the defense of discharge or repudiation. Repudiation is an unconditional refusal to perform a contract in the future, expressed either before performance is due or after partial performance. *Van Polen v. Wisch*, 23 S.W.3d 510, 516 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Where one party repudiates, the non-repudiating party is discharged from its obligation to perform under the contract. *Id.* The Court is of the opinion that this defense does not fail as a matter of

law, since further discovery is necessary to determine Ramey's precise obligations under the parties' alleged agreement and, by extension, the applicability of a repudiation defense.

### v.    Failure to Mitigate Damages

Ramey also moves to strike the defendants' defense that Ramey's claims are barred to the extent that Ramey failed to mitigate its damages. Texas law requires an injured party, including a plaintiff in a contract or quasi-contract case, to use reasonable efforts to avoid or prevent losses. *E.l. & Assoc's, Inc. v. Pabon*, 525 S.W.3d 764, 768 (Tex. App.—Houston [14th Dist.] 2017, no pet.). The duty to mitigate damages arises when the injured party has notice that the other party will not perform. *Id.* at 770. Here, the assertion that there came a point where Ramey should reasonably have known that the defendants would not pay the allegedly owed charges is not deficient as a matter of law. The Court finds that this issue requires factual development and discovery and, thus, declines to strike the mitigation of damages defense.

### c.    JURISDICTION OVER RAMEY'S CLAIM AGAINST BHF

The Court considers *sua sponte* whether it has jurisdiction over Ramey's claims against BHF.[2] *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) ("[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."). The defendants removed Ramey's suit to this Court based on diversity jurisdiction. *See* 28 U.S.C. § 1441(a); *id.* § 1332(a). It is undisputed that the

---

[2] In their Original Answer, the defendants denied that the Court has jurisdiction over Ramey's claim against defendant BHF for breach of contract and suit on a sworn account. The defendants raised, but did not brief, this jurisdictional issue in their response to Ramey's Rule 12 motions.

parties have completely diverse citizenship. However, while Ramey's claim against EMED exceeds the minimum $75,000 amount-in-controversy requirement under section 1332(a), Ramey's claims against BHF do not. Ramey has sued BHF for $1,911 in unpaid legal fees in expenses.

Federal district courts have "supplemental jurisdiction over all . . . claims that are so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III[.]" 28 U.S.C. § 1367(a). "The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they . . . 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

Here, Ramey's claim against BHF arises out of a wholly separate agreement or understanding with an entity that is distinct from EMED. Ramey does not plead that BHF is an affiliate of EMED or that Ramey's representation of BHF involved the same subject matter as the East Texas or New York Litigation. Nor does Ramey plead that BHF was a party to, or had an interest in, any of the lawsuits filed by Ramey on EMED's behalf. The fact that the same person allegedly happened to serve as an officer of both EMED and BHF does not, by itself, mean that Ramey's dispute with BHF and its dispute with EMED arise out of the same case or controversy.

Because there is no indication that Ramey's claims against BHF and EMED arise from a common nucleus of operative facts, Ramey's claims against BHF must be remanded to state court. 28 U.S.C. § 1447(c).

## VI.    CONCLUSION

Based on the foregoing analysis and discussion, the plaintiff's Rule 12(b)(6) motion to dismiss is hereby **DENIED** and the plaintiff's Rule 12(f) motion to strike affirmative defenses is also **DENIED**.

Further, the plaintiff's suit against defendant Bio-Health Frontiers, Inc. is hereby **REMANDED** to the 61st District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2021-31087. Defendant Bio-Health Frontiers, Inc. is hereby dismissed from this action without prejudice. The Clerk of Court shall mail a certified copy of this Order of Remand to the district clerk of Harris County, Texas.

It is so **ORDERED**.

SIGNED on this 8th day of November, 2021.

Kenneth M. Hoyt
United States District Judge